## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**DARRELL K. WILLIAMS**                                      **PLAINTIFF**
**ADC #092508**

**v.**                     **No: 2:23-cv-00024-JM-PSH**

**TYLER R. HOLLOWELL, *et al.*[1]**                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Darrell K. Williams filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 30, 2023, while incarcerated at the Arkansas Division of

---

[1] Williams does not name any defendants other than Tyler R. Hollowell and Cleveland Jones in his amended complaint (Doc. No. 13). Accordingly, the Clerk of Court is directed to terminate all other defendants on the docket sheet for this case.

Correction's East Arkansas Regional Unit (Doc. No. 3). Williams was subsequently granted leave to proceed *in forma pauperis* and directed to file an amended complaint to clarify his claims. Doc. No. 10. He was warned that an amended complaint would render his original complaint without legal effect, and only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Williams filed an amended complaint on May 15, 2023 (Doc. No. 13). For the reasons stated herein, Williams' claims should be dismissed without prejudice.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se*

complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Williams' amended complaint is entirely unclear, but he alludes to unsafe conditions that led to an attack on him. Doc. No. 13 at 5-8. He provides no details of the attack and does not specifically name defendants Corporal Cleveland Jones and Tyler R. Hollowell or describe their involvement in the attack. *Id.* Williams also fails to provide the date this attack happened in the body of his amended complaint. *Id.* The Court construes Williams' amended complaint as attempting to state an Eighth Amendment failure-to-protect claim.[2]

---

[2] Williams' claims may be time-barred. He attaches a grievance describing an attack by another inmate on October 23-24, 2019, which alleges that Jones and Hollowell failed to follow prison policy and allowed him to be attacked. *Id.* at 10. His original complaint described this attack as well. Doc. No. 3 at 4. Claims under § 1983 are governed by the statute of limitations for personal injury actions in the state in which the claim accrues. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). In Arkansas, the statute governing the statute of limitations for personal injury actions is Ark. Code Ann. § 16-56-105(3), which provides for a three-year period of limitations. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Thus, in Arkansas, a complaint raising § 1983 claims must be filed within three years after the alleged cause of action arose. The attack described by Williams appears to have occurred more than three years before he filed this lawsuit. However, the statute of limitations may be equitably tolled while prisoners complete the exhaustion process required by the Prison Litigation Reform Act. *See Williams v. Pulaski County Detention Facility,* 278 Fed. Appx. 695, 695-96 (8th Cir. 2008). Without a

Williams has not stated sufficient facts in his amended complaint to support an Eighth Amendment failure-to-protect claim against defendants Jones and Hollowell.  To state an Eighth Amendment failure-to-protect claim, Williams must describe sufficient facts to show that defendants were aware that a substantial risk of serious harm existed and were deliberately indifferent to that risk.  *See Jones v. Wallace*, 641 Fed. Appx. 665, 666 (8th Cir. 2016).  The Eighth Circuit Court of Appeals has recognized that prison officials are entitled to qualified immunity when an inmate is attacked by surprise.  *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047-49 (8th Cir. 2010).  Williams has not described how defendants were aware of a substantial risk of harm to him from the inmate who attacked him.  He has also failed to describe sufficient facts to show that he was otherwise placed at substantial risk of an attack due to unsafe conditions.

Additionally, to the extent that Williams asserts he was attacked because Jones and Hollowell failed to follow prison policy, he fails to state a constitutional claim.  Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures.  *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that

---

complete grievance record, the Court cannot ascertain whether equitable tolling would apply in this case.

procedure).  *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Williams' complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE